UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARITY BALL NEWTON,

    Plaintiff,

vs.                                          Case No. 3:15-cv-685-J-34JBT

THE CITY OF JACKSONVILLE, et al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte upon review of Plaintiff's Complaint and Demand for Jury Trial (Doc. 2; Complaint) and Amended Notice of Removal (Doc. 4; Amended Notice). Plaintiff, who is proceeding pro se, filed the Complaint on June 8, 2015. In the Complaint, Plaintiff names the City of Jacksonville, the Northwest Jacksonville Community Development Corporation (NJCDC), and the Jacksonville Area Legal Aid, Inc. as defendants. See Complaint at 1. Simultaneously with the Complaint, Plaintiff filed several documents related to a state court eviction proceeding (Doc. 1; First Notice) in an apparent attempt to remove those proceedings to this Court.[1] On July 10, 2015, Plaintiff filed the Amended Notice in a second attempt to remove the state court eviction proceedings to this Court. Upon review of the First Notice, Amended Notice, and attached exhibits, the

---

[1] The First Notice contains a copy of the state court docket in Case Number 16-2015-CC-004590-XXXX-MA, in which the plaintiff is NJCDC and the defendants are The Oil of Joy Full Gospel Prophetic Preaching Ministries, Inc. (Oil of Joy Church) and Charity Newton. The First Notice also includes the Summonses, Return of Service, and Complaint for Eviction filed in that case. Charity Newton, who is the plaintiff in this case, alleges that she is the "Pastor and Overseer" for the Oil of Joy Church. See Complaint at 1.

Court finds that although it appears that Plaintiff is a defendant in a state court eviction proceeding, she has not properly removed this action.

Under 28 U.S.C. § 1441(a), a defendant may seek removal of a suit originally brought in state court when the federal court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). Additionally, 28 U.S.C. § 1446 describes the appropriate removal procedure to invoke federal jurisdiction, and requires the defendant seeking removal to file a timely notice of removal stating the grounds for removal, along with a copy of all process, pleadings, and orders served upon the defendant in the state court action. See 28 U.S.C. § 1446(a). In the instant case, rather than allege her intention to remove the eviction proceedings to this Court and a jurisdictional basis for doing so, Plaintiff states in the Amended Notice that she "seeks relief from the taking of the church's property, as the results [sic] of an orchestrated conspiracy by the above-named defendants . . . ." See Amended Notice at 1. Plaintiff further alleges that "the Defendants have violated the United States Constitution, Amendment 5, the due process clause . . . ." Id. As such, although Plaintiff filed copies of the process and pleading documents from the state court action, she neither asserts any actual intent to remove the state eviction proceedings to this Court, nor alleges the grounds for removal of that action.[2] Indeed, the Court cannot independently discern any basis for its subject matter jurisdiction over the state court eviction proceedings in that the state court complaint does not set forth a federal question, and Plaintiff fails to establish the citizenship

---

[2] Notably, § 1446(b)(2)(A) provides that: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Because it appears that NJCDC properly served the Oil of Joy Church in the state court eviction proceeding, see First Notice at 9, the Court questions whether Newton's attempt to unilaterally remove the action complies with this unanimity requirement.

of the parties.³  See First Notice at 11-12; Amended Notice at 1.  Therefore, to the extent Plaintiff seeks removal of the state court eviction action, she has not properly accomplished this removal.

Moreover, Plaintiff also filed a Complaint to initiate these proceedings.  With respect to the Complaint, the Court notes that Plaintiff may initiate a civil action by filing either a notice of removal, removing a complaint filed against her in state court, or filing an initial complaint setting forth her own claims.  But, Plaintiff cannot file both in the same action.  Morever, even if properly filed, the Complaint is due to be stricken for failure to comply with Rules 8 and 10, Federal Rules of Civil Procedure (Rule(s)).  While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).⁴  The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2).  "'A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being

---

³ Plaintiff appears to rely on her contention that Defendants have violated the Fifth Amendment as a basis for jurisdiction.  See Amended Notice at 1.  However, this argument, whether raised as an affirmative defense or counterclaim, cannot convey federal question jurisdiction.  See Bank of New York v. Angley, 559 F. App'x 956 (11th Cir. 2014) (per curiam) ("There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim."); see also Deutsche Bank Nat'l Trust Co. v. Franklin, No. 6:15-cv-1038-Orl-37GLK, 2015 WL 4478127, at *1 (M.D. Fla. July 21, 2015).

⁴ All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules").  The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted).  Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).  Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).  Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Here, the first page of the Complaint includes a heading labeled "Subject-Matter Jurisdiction" in which Plaintiff states that "the Defendants have violated the United States Constitution, Amendment 5, the due process clause . . . ." See Complaint at 1. The remainder of the allegations in the Complaint are set forth in sections titled "Statement of Facts" and "Demand for Relief." See id. at 5-7. Significantly, the Complaint does not set forth any separate counts alleging a specific cause of action against a particular Defendant. Thus, while it appears Plaintiff may intend to assert a claim premised on the Fifth Amendment, the nature of her Complaint makes it impossible for the Court to determine what conduct by each named Defendant forms the basis of Plaintiff's Fifth Amendment claim. Accordingly, the Court will strike the Complaint for failure to comply with Rules 8(a)(2) and 10(b). To the extent Plaintiff wishes to file an original complaint (rather than remove the state court action), pursuant to Rules 8(a)(2) and 10(b), the complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Plaintiff's claims demonstrating that Plaintiff is entitled to relief. See Rules 8(a)(2), 10(b). Specifically, Plaintiff should describe in sufficient detail the factual basis for each of her claims and how each Defendant is responsible.

As it is unclear whether Plaintiff intended to remove a state civil action to this Court or to initiate a new action in this Court, the Court will strike the First Notice, Amended Notice and the Complaint without prejudice to Plaintiff filing either a notice of removal and removing a complaint filed against her in state court, or an initial complaint setting forth her own claims. In light of the foregoing, it is

**ORDERED**:

1. The Notice of Removal (Doc. 1), Amended Notice of Removal (Doc. 4), and Complaint and Demand for Jury Trial (Doc. 2) are **STRICKEN**.

2. Plaintiff shall have up to and including **August 28, 2015**, to file a proper Notice of Removal or an initial complaint. Plaintiff is cautioned that failure to comply with this Order may result in the dismissal of her case for failure to prosecute.

**DONE AND ORDERED** at Jacksonville, Florida on July 27, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties