UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARITY BALL NEWTON,

    Plaintiff,

v.                                                                    CASE NO. 3:15-cv-685-J-MCR

THE CITY OF JACKSONVILLE, *et al.*,

    Defendants.
_____/

**ORDER**[1]

**THIS CAUSE** is before the Court on Jacksonville Area Legal Aid, Inc.'s Motion to Strike or Dismiss Plaintiff's Amended Complaint ("JALA's Motion") (Doc. 18), the Northwest Jacksonville Community Development Corporation's Motion to Strike or Dismiss Plaintiff's August 14, 2015 Complaint ("NJCDC's Motion") (Doc. 19), Plaintiff's response[2] thereto ("Response") (Doc. 20), Plaintiff's Motion for Certification of Alias Summons in a Civil Action, Motion for Extension of Time to Effectuate Service of Process and Rule 3.01(g) Certification ("Plaintiff's Motion for Certification of Alias Summons and for Extension of Time") (Doc. 57), JALA's and NJCDC's Response thereto (Doc. 62), Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* and Affidavit ("Motion to Appeal IFP")

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge. (*See* Doc. 54.)

[2] The title of this document is "Plaintiff's Reply Brief and Incorporated Memorandum of Law."

(Doc. 65), Motion to Withdraw as Counsel ("Motion to Withdraw") (Doc. 67), and Plaintiff's Objection thereto (Doc. 70).

## I. Background

Plaintiff Charity Ball Newton ("Ms. Newton" or "Plaintiff"), proceeding *pro se*, initiated this action by attempting to remove a state court eviction action to this Court on June 8, 2015. (*See* Docs. 1, 2, 4.) On July 28, 2015, the Court found the removal improper and struck Plaintiff's original Complaint for failure to comply with Rules 8 and 10, Fed.R.Civ.P. (Doc. 6.) Plaintiff re-filed the Complaint on August 14, 2015. (Docs. 7, 9.)

On October 2, 2015, JALA and NJCDC moved to strike or dismiss the August 14, 2015 Complaint because it failed to provide a basis for subject matter jurisdiction, it did not clarify which party or parties are seeking relief, it failed to state a claim upon which relief can be granted, it failed to allege the factual basis for any claim(s), it failed to comply with the Court's July 28, 2015 Order, and, with respect to NJCDC, it was barred by the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel. (Docs. 18 & 19.) Plaintiff responded to JALA and NJCDC's Motions on October 19, 2015. (Doc. 20.)

On January 20, 2016, the Court entered an Order appointing counsel for Ms. Newton. (Doc. 41.) Ethan Andrew Way, Esq. and H. Timothy Gillis, Esq. of the law firm Gillis Way & Campbell entered an appearance as counsel for Plaintiff

on January 22, 2016.[3]  (Doc. 44.)  The same day, Plaintiff, *pro se*, filed a Motion for Summary Judgment.  (Doc. 45.)  On March 17, 2016, the Court denied without prejudice Plaintiff's Motion for Summary Judgment as premature and because it was filed in violation of Local Rule 2.03(d).  (Doc. 60.)  The same day, the Court also denied without prejudice Plaintiff's Motion for Default Judgment against Defendant, the City of Jacksonville, filed on January 20, 2016, in light of the Court's Order appointing counsel and counsel's subsequent Motion for Certification of Alias Summons and for Extension of Time to Effectuate Service of Process on the City of Jacksonville.  (Doc. 61.)

On March 24, 2016, the Court held a preliminary pretrial conference, at which time counsel for Plaintiff advised of their intent to proceed in state court and file the appropriate documents in this Court in next seven days.  (Doc. 63.)  To date, Plaintiff has not filed any documents for voluntary dismissal of this action.  Instead, on March 29, 2016, Plaintiff, *pro se*, filed a notice of appeal of the Court's denial without prejudice of Plaintiff's Motion for Default Judgment and Motion for Summary Judgment.  (Doc. 64.)  At that time, Plaintiff also filed her Motion to Appeal IFP.  (Doc. 65.)

On April 11, 2016, Plaintiff's counsel moved to withdraw from this case.  (Doc. 67.)  On April 21, 2016, Plaintiff filed an Objection to the requested

---

[3] On February 10, 2016, J. Morgan Foster, Esq. of the law firm Gillis Way & Campbell also entered an appearance as additional counsel for Plaintiff.  (Doc. 48.)

withdrawal. (Doc. 70.) On April 27, 2016, the Court held a hearing on the Motion to Withdraw and the other pending motions. (Doc. 71.)

## II. JALA and NJCDC's Motions

JALA and NJCDC move to strike or dismiss the Complaint because it fails to provide a basis for subject matter jurisdiction, it does not clarify which party or parties are seeking relief, it fails to state a claim upon which relief can be granted, it fails to allege the factual basis for any claim(s), it fails to comply with the Court's July 28, 2015 Order, and, with respect to NJCDC, it is barred by the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel. (Docs. 18 & 19.) Plaintiff does not directly address Defendants' above stated arguments and does not seek leave to amend her pleading. (*See* Doc. 20.)

### A. Standard[4]

The Court must *sua sponte* dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3). *See also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. Nov. 20, 2013) (per curiam) ("If at any time the district court determines that it lacks subject

---

[4] The pleadings of *pro se* litigants must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium). Here, Plaintiff was proceeding *pro se* when she filed her August 14, 2015 Complaint and her Response to JALA and NJCDC's Motions. Plaintiff's counsel, who entered an appearance on January 22, 2016, have not sought to amend or supplement any filings made by Plaintiff prior to their appearance in this case. Therefore, given that Plaintiff is currently represented by counsel, the Court need not construe her pleadings liberally.

matter jurisdiction, the court must dismiss the action.") (internal quotation marks omitted).

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam) (internal quotation marks omitted). "[E]ven a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous." *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted). A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* at 470-71 (internal quotation marks omitted).

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Further, to "promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed.R.Civ.P. 10(b).

To survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*  "[B]are assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory and not entitled to be assumed true."  *Id.* at 680.

In evaluating the sufficiency of a complaint, a court should make reasonable inferences in plaintiff's favor, but is "not required to draw plaintiff's

inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal citation and quotation marks omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotation omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

In determining whether to grant or deny a motion to dismiss, the Court must evaluate the complaint "on two dimensions." *Allmond v. Bank of America*, 3:07-cv-186-J-33JRK, 2008 WL 205320, at *3 (M.D. Fla. Jan. 23, 2008). First, the Court must assess whether all the necessary elements required for recovery are addressed in the complaint. *Id.* "Second, the Court must determine whether the complaint addresses these elements with factual material sufficient to raise a right to relief beyond mere speculation." *Id.* "This material can be either direct or inferential." *Id.* at *5. "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Nettles v. City of Leesburg–Police Dep't*, 415 F. App'x 116, 120 (11th Cir. Dec. 22, 2010) (internal citations and quotation marks omitted).

B.  Discussion

For the reasons that follow, the Court agrees with Defendants that the

Complaint should be dismissed.[5]  The Complaint does not adequately allege that this Court has subject matter jurisdiction over this action.  First, it does not appear that diversity jurisdiction exists because, to the extent it is even clear who the parties in this action are,[6] Plaintiff has not alleged their citizenship, despite alleging damages in excess of $250,000.  (*See* Doc. 7, ¶¶ 3-7.)

Furthermore, it does not appear that this action arises under any federal law.  Although the Complaint makes references to the Fifth and Fourteenth Amendments to the United States Constitution and "the Equal Protection Rights Garranteed [sic] by Federal Laws of these United States" (*Id.* at ¶¶ 1-2), it is not at all clear how any federal law is implicated here.  To the extent Plaintiff has attempted to formulate two "Federal Question[s]" allegedly presented by this action, the allegations included in these questions are so vague that it is unclear what is the role of the named parties in those questions.[7]  It appears that

---

[5] In light of this conclusion, the Court does not address all arguments raised in Defendants' Motions.

[6] Although the caption of the Complaint lists Ms. Newton as the only Plaintiff in this case, the body of the Complaint makes repeated references to her church, the Oil of Joyful Gospel Prophetic Preaching Ministries, Incorporated.  In addition, although the caption of the Complaint lists three Defendants—the City of Jacksonville, NJCDC, and JALA—the Complaint alleges that this action is also brought against "all others claiming an interest in the real property known as 1740 West 1st Street, Jacksonville, Florida, 32209, also known as 1056 & 1064 Powhattan Street, Jacksonville, Florida 32209." (Doc. 7 at 1-2.)

[7] The first "Federal Question" reads: "Can a non-profit religious organization that has maintained for twelve years the status of a charitable organization under s.501(c)(3) of the Internal Revenue Code be burdened by a municipal corporation via escheatment of it's [sic] property and not violate the United States Constitution's 5th Amendment Due

Plaintiff's references to federal law were made solely for the purpose of obtaining jurisdiction, given that Plaintiff primarily seeks to recover the title to 1740 West 1st Street, Jacksonville, Florida 32209, from which she and her church were evicted by the state court. (*Id.* at ¶¶ 3, 14-17; *id.* at 5-6.) Because the Court does not have subject matter jurisdiction over this action, the Complaint is due to be dismissed under Fed.R.Civ.P. 12(h)(3).[8]

In addition, even when construed liberally, the Complaint fails to state a claim on which relief may be granted. The Complaint includes no separate legally recognizable claims against any of the listed Defendants. It alleges that Plaintiff and/or her church "gained the right to hold religious services as to the subject property by way of conveyance via donation by Mr. Brice Grant, Junior, the then owner of record on September 11, 2007." (Doc. 7, ¶ 8.) It further alleges that "Jacksonville escheated 1740 west [sic] 1st street [sic] . . . on September 7, 2012," then "NJCDC gained Title [sic] to the subject property on

---

Process Clause as codified to the States by and through the 14th Amendment." (Doc. 7, ¶ 1.) The second "Federal Question" reads: "Can a municipal government's failure to follow it's [sic] own rules, ordinances, and state statutes as to one not-for-profit organization benefit another not-for-profit organization and not violate the Equal Protection rights Garranteed [sic] by Federal Laws of these United States." (*Id.* at ¶ 2.)

[8] The dismissal will be without prejudice. *See Blankenship*, 551 F. App'x at 471 n.2 (stating that a dismissal of an action for lack of subject matter jurisdiction is an involuntary dismissal and, thus, it is without prejudice) (citing Fed.R.Civ.P. 41(b) (providing that an involuntary dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits) and *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice)).

September 9, 2013 via QUITCLAIM DEED from Jacksonville," and JALA "completed the orchestrated conspiracy on January 6, 2015, by its letter from Carol Miller, Community Counselor, calling the Oil Of Joy a TENANT AT SUFFERANCE, and stipulating that Charity Newton Sign [sic] a Lease Agreement to remain in the building." (*Id.* at ¶¶ 11-13.)

Although Plaintiff alleges that the church is entitled to the title to the subject property (*id.* at ¶ 14), the church is not a party to this action, but even if it were, it appears that the state court has already determined the issues that Plaintiff is trying to re-litigate in federal court.  (*See* Doc. 9-2 at 2 (entering a final judgment of eviction against Ms. Newton and the church in favor of NJCDC); Doc. 39 at 4-5 (dismissing the appeal filed by Ms. Newton and the church, which challenged the state court's final judgment of eviction).)  This Court does not have jurisdiction to hear appeals of state court decisions.  As Plaintiff has not alleged any legally recognizable claims against any of the listed Defendants, her Complaint is also subject to dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.[9]

In light of this conclusion, Plaintiff's Motion for Certification of Alias Summons and for Extension of Time (Doc. 57) is moot.  Further, as discussed at

---

[9] Although Plaintiff was proceeding *pro se* at the time she responded to JALA and NJCDC's Motions, she has since been represented by counsel who has not sought leave to amend the Complaint.  As such, the Court will not *sua sponte* grant leave to amend.

the Motion hearing on April 27, 2016, Plaintiff's Motion to Appeal IFP (Doc. 65) is denied.

### III.   Plaintiff's Counsel's Motion to Withdraw

Pursuant to Local Rule 2.03(b), Mr. Gillis, Mr. Way, and Ms. Foster of the law firm Gillis Way & Campbell move to withdraw from further representation of Ms. Newton in this case.  The Motion to Withdraw provides in relevant part:

> Counsel have good cause to make this motion and circumstances have arisen that permit them to withdraw in accordance with Rule 4-1.16(b) of the Florida Rules of Professional Conduct.  Counsel seek to withdraw because irreconcilable differences have arisen between Plaintiff and counsel, Plaintiff insists on taking actions inconsistent with the Florida Rules of Professional Conduct and the Federal Rules of Civil Procedure, and the additional grounds stated at the Preliminary Pretrial Conference held on Thursday, March 24, 2016 at 2:00 p.m. before the Honorable Monte C. Richardson.

(Doc. 67 at 1.)  The Motion also provides that Counsel for JALA and NJCDC do not object to the requested withdrawal.[10]  (*Id.* at 2.)

On April 27, 2016, the Court held a hearing on the Motion to Withdraw. (*See* Doc. 71.)  Counsel for Plaintiff and Ms. Newton were given an opportunity to address the Court, which they did.  Based on the representations made at the hearing and those included in the Motion to Withdraw, counsel have satisfied the grounds for mandatory and/or permissive withdrawal set forth in Rule

---

[10] Although Ms. Newton has filed an Objection to the Motion to Withdraw, the statements made therein appear to be inconsistent.  (*See* Doc. 70.)  Thus, the Court gave her an opportunity to present her position at the motion hearing.

4–1.16(a)(1), (b)(2), (b)(4), & (b)(5) of the Rules Regulating the Florida Bar. Further, given the procedural posture of this case, counsel's withdrawal is not likely to cause continuance or delay.  See M.D. Fla. R. 2.03(c).  Based on the foregoing and as discussed at the April 27, 2016 hearing, the Motion to Withdraw is due to be granted.

Accordingly, it is **ORDERED**:

1. JALA's Motion (**Doc. 18**) and NJCDC's Motion (**Doc. 19**) are **GRANTED** to the extent the Complaint is **DISMISSED without prejudice**.

2. Plaintiff's Motion for Certification of Alias Summons and for Extension of Time (**Doc. 57**) is **MOOT**.

3. Plaintiff's Motion to Appeal IFP (**Doc. 65**) is **DENIED**.

4. Plaintiff's counsel's Motion to Withdraw (**Doc. 67**) is **GRANTED**.  Mr. Gillis, Mr. Way, and Ms. Foster of the law firm Gillis Way & Campbell are relieved of any further responsibility as counsel for Plaintiff, Ms. Newton, in this case. However, counsel shall comply with all applicable obligations on withdrawing counsel.  See Fla. Bar R. of Prof'l Conduct 4–1.16(d).

5. The Clerk of Court is directed to terminate any pending motions and close the file.

**DONE AND ORDERED** at Jacksonville Florida, on May 5, 2016.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Charity Ball Newton
P.O. Box 1541
Jacksonville, FL 32202

Charity Ball Newton
519 East 55th Street
Jacksonville, FL 32208